# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD I. COLLINS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0954** (BOR Appeal No. 2050413)
(Claim No. 2006053858)

**CITY WINDOW COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard I. Collins, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City Window Company, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 4, 2015, in which the Board affirmed an April 21, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 9, 2014, decision to deny the request from Central WV MedCorp for Oxycodone and future office visits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Collins, a construction laborer for City Window Company, injured his lower back on August 29, 2006, when he was attempting to move a gas can. He was granted temporary total disability benefits from August 30, 2006, through October 10, 2006. The claims administrator found the claim compensable for a lumbar strain on September 21, 2006. After continuing to suffer from pain, Karl Hursey, PhD, issued an evaluation report in May of 2008 pertaining to Mr. Collins's candidacy for a spinal cord stimulator. Overall, his opinion was that Mr. Collins's candidacy would be questionable from a psychological perspective. Mr. Collins reported very

1

little benefit from opioid analgesics which, combined with the other factors, suggests limited likelihood for sustained benefit. Mr. Collins reported marked symptoms of depression and may benefit from an evaluation and treatment by a psychiatrist.

In a May 14, 2008, report Johnny Smith, D.O., and Beth Pellegrino, M.D., noted that Mr. Collins was seen for acute renal failure. Dr. Pellegrino noted that after diagnostic tests, it was determined that the renal failure is related to his use of non-steroid anti-inflammatory agents, which he takes for his work-related injury. Dr. Smith noted that Mr. Collins was prescribed Ibuprofen for his work-related pain that caused acute renal failure. He notes that Mr. Collins's condition has improved with treatment, but he may never fully recover. On June 19, 2008, Mr. Collins was seen by John DiBacco, a physical therapist. Mr. DiBacco noted that he performed a functional capacity evaluation and it indicated that Mr. Collins could perform at a light physical demand level for eight hours per day. The claims administrator added renal failure as a compensable condition of the claim on September 10, 2009.

ChuanFang Jin, M.D., performed an independent medical evaluation on June 22, 2010, and found that Mr. Collins had reached his maximum medical improvement. Dr. Jin noted that he had a discectomy with some improvement. Dr. Jin noted that he has no clinical evidence of radiculopathy although he continues having radicular symptoms. He had an episode of acute renal failure in 2008 with a normal kidney function on a blood test for renal function performed during Dr. Jin's evaluation. However, he continues to have chronic severe back pain and likely has failed back syndrome. He does need analgesic drugs to maintain his function. Because of chronic use of drugs for pain, Dr. Jin recommended periodic office visits, such as every six months when stable or more with changes.

From February 14, 2014, through August 6, 2014, Mr. Collins treated with Dr. Smith. Dr. Smith noted that Mr. Collins had chronic conditions concerning low back pain, depression, sciatica due to displacement of a lumbar disc, kidney disease, and other non-compensable conditions. Dr. Smith noted the pain symptoms are relieved by the current medication, Oxycodone. However, Rebecca Thaxton, M.D., disagreed in her June 6, 2014, physician review report. Dr. Thaxton found that Mr. Collins had reached maximum medical improvement. She opined pursuant to West Virginia Code of State Rules § 85-20-60.1 (2006) that payment for opioids should not be authorized. She noted in this case that there has not been much meaningful functional improvement on Oxycodone, which is required for continued opioid use. She also pointed out that Oxycodone had not been authorized since 2007. She further found that since the medications should not be authorized, the office visits with Dr. Smith for medication checks should not be authorized. Dr. Thaxton did find that biannual office visits with a nephrologist would be reasonable considering his renal issues. The claims administrator denied the request from Central WV MedCorp for Oxycodone and future office visits on July 9, 2014.

The Office of Judges determined that Mr. Collins failed to establish that the requested treatment was medically related and reasonably required to treat his compensable conditions. The Office of Judges found that in order to demonstrate the need for opioid medications almost nine years after the subject compensable injury, significant justification needs to exist. The Office of Judges noted that Mr. Collins's justification was a report from Dr. Smith, which simply

2

noted that Mr. Collins's back pain is stable and was relieved by current medication. The Office of Judges found that there was no indication concerning any type of alternate treatment for Mr. Collins's pain, or the substantiation needed to continue opioid medication at this time. The evidence of record supported the decisions of the Office of Judges and Board of Review that continued use of Oxycodone was not medically related and reasonably required to treat a nearly decade old injury. Because the Oxycodone was unnecessary, the appointments related to it were also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3